## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR83** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **BONNIE S. TIMLICK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's pro se motions for an extension of time (Filing No. 140) and for copies of court documents (Filing No. 141).

The Defendant, Bonnie S. Timlick, was found guilty after a jury trial of a two-count Superseding Indictment charging her with possession of 50 grams or more actual methamphetamine with intent to distribute (Count I) and possession with intent to distribute cocaine (Count II). Timlick was sentenced to concurrent terms of imprisonment of 240 months on Count I and 210 months on Count II. The sentence also includes concurrent terms of 10 and 6 years supervised release. (Filing No. 99.) On April 10, 2007, the Eighth Circuit Court of Appeals rendered its decision in Timlick's direct appeal, concluding: sufficient evidence supported Timlick's constructive possession of the drugs; and therefore that she knowingly possessed the drugs. The Eighth Circuit affirmed Timlick's conviction and sentence. (Filing No. 125.)

Timlick filed a motion for copies of numerous court records, which was denied on September 17, 2007, because the Court cannot provide a defendant documents to prepare a prospective motion under 28 U.S.C. § 2255. (Filing Nos. 133, 139.) On April 10, 2008, Timlick filed the motions now before the Court: a motion for extension of time under

Federal Rule of Civil Procedure 26(b) (Filing No. 140) and a motion for copies of numerous court documents (Filing No. 141).

***Extension of Time***

Timlick does not state the purpose for which she requests 30 days additional time. Presumably, she requests 30 additional days to file a § 2255 motion. Her stated reason is "new evidence entered into case," without elaboration. In support of her request, she cites *Haines v. Kerner,* 404 U.S. 519 (1972). In deciding *Haines,* the Supreme Court concluded that Haines, a state prison inmate who filed his action for damages against the Illinois governor and prison officials, was entitled to bring his action seeking damages for injuries and his alleged deprivation of rights stemming from his placement in disciplinary solitary confinement. *Id.* at 520-21.

Timlick's motion lacks supporting details, and the cited case does not relate to her circumstances. Timlick is also advised that her motion for an extension of time appears to be premature. The Eighth Circuit denied Timlick relief on April 10, 2007. Her deadline for filing a § 2255 motion is one year from the expiration of the time Timlick had to seek review by filing a petition for a writ of certiorari. Because Timlick had ninety days to file a petition for certiorari, which she did not file, the Court calculates her deadline to file her § 2255 motion as July 9, 2008. *United States v. Martin,* 408 F.3d 1089, 1090 (8th Cir. 2005).

For the reasons discussed, the motion for an extension of time is denied.

2

***Copies***

Timlick filed a second request for copies of court documents, including trial and sentencing transcripts.  As previously stated, the Court may not provide a defendant with materials for use in preparing a § 2255 motion.  The request is denied.

IT IS ORDERED:

1.      The Defendant's motion for an extension of time (Filing No. 140) is denied;

2.      The Defendant's motion for copies of court documents (Filing No. 141) is denied; and

3.      The Clerk shall mail a copy of this Order to the Defendant at her last known address.

DATED this 14th day of April, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3